## ACORN REFINING CO. v. PEARCE. *

### No. 5263.

Court of Appeal of Louisiana. Second Circuit.

June 26, 1936.

Wilkinson, Lewis & Wilkinson and Edward S. Klein, all of Shreveport, for appellant.

Wm. H. Cook and H. B. Lingle, both of Shreveport, for appellee.

HAMITER, Judge.

Judgment in the amount of $117 is herein sought by the Acorn Refining Company, of Cleveland, Ohio, against W. B. Pearce. The suit is founded on the alleged sale of certain roofing merchandise.

In the answer, defendant generally denies the allegations of the petition, and specially avers, in substance, that his purchase order was not complied with by plaintiff.

After rejection of its demands, plaintiff appealed.

The evidence discloses that on August 15, 1933, plaintiff's salesman, one E. W. Harrison, obtained from defendant a written order for 45 gallons of Nuroof green at $1.80 per gallon, or a total cost of $81. Under that writing defendant was also to receive, free of charge, 25 pounds of green Plastiklast and one roofing brush, but these items are not relevant in the decision of this case. Shipment of all merchandise was to be "rushed."

Approximately sixteen days after the order was given, defendant received an invoice under which he was charged with one drum of 65 gallons of Nuroof green in the amount of $117, and about that same date he was notified that such drum had arrived at the freight depot. Immediately thereafter, he contacted plaintiff's salesman, with whom all negotiations had been carried on, and canceled the order and refused to accept the merchandise. His reasons for this action were that the shipment contained a quantity of the Nuroof green in excess of that ordered, and, also, it did not arrive within the time agreed on.

Mr. Harrison, plaintiff's salesman, did not testify in the case, he having died prior to the trial thereof.

A letter regarding the shipment was written and mailed by plaintiff to defendant under date of August 18, 1933, in which the following is stated:

"We thank you for the courtesies extended our Mr. E. W. Harrison and order tendered him calling for shipment to yourself at once,

> 1 drum 45 gals. Nuroof Green
> @ $1.80 per gal.
> 1 kit 25# Plastiklast Green
> N/C
> 1 brush N/C
> Terms 2%/10..60 days
> Less freight,

and observing your desire to have the goods in your hands at the earliest possible moment, we have intercepted a shipment on the way to Fort Payne, Alabama because of doubtful credit and are diverting this to you so that it will be in your hands at the earliest possible moment.

"The amount is in excess of what you ordered being 65 gals. Nuroof Green and if you cannot use the additional quantity we will arrange to have it disposed of to another customer but at the price quoted you, you will find the goods exceptionally good value and enjoy the favor of an unusual circumstance by which we can make delivery to you quickly as it is seldom that we are in a position to divert a shipment from one customer to another."

But defendant testified positively, and his testimony is uncontradicted, that neither this nor a similar letter was received by him until after receipt of the invoice in which he was specifically charged with the quantity delivered, or the 65 gallons, and after the cancellation of his order.

Under the circumstances, we cannot say that the trial judge erred in rejecting plaintiff's demands. The equities of the case, as well as the law, are with the defendant. His written order was for 45 gallons at a total price of $81. After leaving his hands, this writing was changed by some one to read 65 gallons. He was charged in the invoice with that quantity at the total price of $117, and this suit is based on that quantity and sum. It is indisputable that he desired and expected, and the parties contemplated, an early receipt of the merchandise which he sought. The materials were to be used in repairing a leaky roof, and the writing contained the notation, "Rush." The shipment of 65 gallons, in one drum, was not consigned to plaintiff's salesman for a separation and delivery of the quantity that defendant desired and ordered, but to defendant himself. It may be said that only

slight inconvenience might have been experienced by defendant in separating his portion from the contents of the barrel, conceding that he had authority to do that; but it was not incumbent upon him to make that separation. He ordered a specific quantity at a fixed price, and he was entitled to have that delivered to him. The receipt of the invoice charging him with the entire amount shipped, with no explanation being furnished at that time or previously as to the reasons and conditions of this excessive quantity and charge, no doubt caused him to believe that he would be held responsible for the full amount if he accepted the shipment. The action of defendant in rejecting the merchandise was justified.

Accordingly, the judgment is affirmed.